UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL BRADLEY, on behalf of
himself and those similarly situated

        Plaintiff,

V.                                              Case No: 2:11-CV-303-FtM-99SPC

HERITAGE AUTOMOTIVE
CORPORATION, KENNETH
BERDICK, HERITAGE ROADSIDE
SERVICES, INC., KENNETH A.
BERDICK, M.D., P.A., FIVESTAR
GLASS, INC. and STARFIVE
TRANSPORT, INC.

        Defendants.

_____/

## ORDER

This matter comes before the Court on a Joint Motion to Stay Deadlines Pending a Ruling on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #69) filed on April 25, 2012. In this case, the Plaintiff filed a Complaint for overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (FLSA). (Doc. #1). On June 15, 2011, the Defendants filed a Motion to Dismiss the Plaintiff's Complaint. (Doc. #10). After the Defendants filed the Motion to Dismiss, the Plaintiff filed a Motion for Leave to File an Amended Complaint on August 12, 2011. (Doc. #19). On August 29, 2011, the Court granted the Plaintiff's Motion for Leave to File an

1

Amended Complaint. (Doc. #21). Subsequently, the Plaintiff filed the first Amended Complaint with the Court on August 29, 2011. (Doc. #22). After the Plaintiff filed the first Amended Complaint, the Defendants filed a Motion on September 16, 2011, to dismiss the Plaintiff's First Amended Complaint. (Doc. #27).

Furthermore, on September 23, 2011, the Defendants filed an Amended Motion for Protective Order on the Plaintiff's Propounded Discovery. (Doc. #31). The Court granted the Defendants' Amended Motion for Protective Order on October 31, 2011, which stayed discovery until the District Court ruled on the Defendants' Motion to Dismiss the Plaintiff's Amended Complaint. (Doc. #37). After the Court granted the Motion for Protective Order, the Plaintiff filed a Motion for Leave to File a Second Amended Complaint on November 18, 2011. (Doc. #38). The Court granted the Plaintiff's Motion for Leave to File a Second Amended Complaint on November 28, 2011. (Doc. #40). In the Order Granting the Plaintiff's Motion for Leave to File a Second Amended Complaint, the Court lifted[1] the Protective Order Staying Discovery and denied the Defendants' Motion to Dismiss as moot. (Doc. # 40). The Plaintiff filed the Second Amended Complaint on November 28, 2011. (Doc. #41). Subsequently, the Defendants filed a Motion to Dismiss the Plaintiff's Second Amended Complaint on December 19, 2011. (Doc. #51).

---

[1] In the Joint Motion to Stay Deadlines Pending a Ruling on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, the parties mention a contradiction between the current stay and the Scheduling Order. However, the only stay issued in this case up until this point was the Motion for Protective Order, which was lifted in the Order Granting the Plaintiff's Motion for Leave to File a Second Amended Complaint. Therefore, there is no contradiction between a current stay and the Scheduling Order.

Several courts in this district have held that "[w]hile overall stays of discovery [are] rarely granted, . . . good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action." Nankivil v. Lockheed Martin Corp., 216 F.R.D. 689, 692 (M.D. Fla. 2003) aff'd sub nom. Nenkivil v. Lockheed Martin Corp., 87 F. App'x 713 (11th Cir. 2003) (internal citations and punctuation omitted); *See Also* Feldman v. Flood, 176 F.R.D. 651 (M.D.Fla.1997) (holding stay of discovery not appropriate unless pending dispositive motion would dispose of entire action). In addition, "the Court must take a 'preliminary peek' at the merits of a dispositive motion to see if it 'appears to be clearly meritorious and truly case dispositive.'" Glynn v. Basil St. Partners, LLC, 2010 WL 2508605 (M.D. Fla. June 16, 2010) (citing Feldman, 176 F.R.D. at 652-53).

Consequently, this Court must take a "preliminary peek" at the merits of the Defendants' Motion to Dismiss the Plaintiff's Second Amended Complaint, a dispositive motion. Without issuing a ruling on the Motion in any form or fashion, it appears that the Defendant's Motion to Dismiss the Plaintiff's Second Amended Complaint could be "meritorious and truly case dispositive." Therefore, it appears that the parties have met the burden and have shown good cause for an entry of an order staying discovery until the District Court rules on the Defendant's Motion to Dismiss the Plaintiff's Second Amended Complaint.

Accordingly, it is now

**ORDERED:**

Joint Motion to Stay Deadlines Pending a Ruling on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #69) is **GRANTED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th Day of June, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record